**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION**
*Electronically Filed*

**RICH & RICH PARTNERSHIP**,

        Plaintiff,

v.                                           Case No. 5:08-CV-00436-ART
                                                    Federal District Judge Amul R. Thapar

**POETMAN RECORDS USA**, **Inc.**
**et al.**

        Defendants.

**REPLY MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Defendants PoetMan Records, USA, Inc., ("PoetMan Records") and Michael Johnathon submit this Reply Memorandum in further support of their Motion for Summary Judgment.[1]

**RESTATEMENT OF THE FACTS**

The crux of the dispute between the parties in this action is two audio compact disks. The first, the "Rich and Rich CD" was released in 1998 and was marketed by PoetMan Records pursuant to a Marketing Agreement with the Plaintiff.  The second CD, "The Best of the UK Pep Band" was released by PoetMan Records in 2003, nearly five years later and more than three years after the termination of the Marketing Agreement. . Contained on both CD's are a specific recording of former Governor A.B. "Happy Chandler" singing "My Old Kentucky Home"  (the "Happy Chandler Work").  Also on both CD's is a graphic design of a basketball with the University of Kentucky logo (the "Basketball Graphic"). For purposes of this Motion, defendants accept that the Happy Chandler Work and the Basketball Design are identical on both CD's.

---

[1] References to matters already of record in this action are by Docket Entry Number and use the notation "DE ___ at ___."

Further for purposes of this Motion, Defendants also accept that the Happy Chandler Work contains additions of crowd noise not on the original recording.

In response to Defendant's Motion for Summary Judgment, Plaintiff has introduced "facts" not previously addressed by discovery. Further, Plaintiff has now for the first time alleged the existence of certain documents assigning intellectual property rights to it in support of its claims. It does not however have a copy of either of these documents. Further by affidavit, the Plaintiff attempts to assign to itself the status of co-author of one of the items at issue, the Basketball Graphic. This unfortunately is at direct odds with the affidavit of Les Campbell, the actual author, an affidavit procured by the Plaintiff and submitted on its behalf.

Finally, the alleged transfer document with respect to The Happy Chandler work, an unsigned document admittedly drafted by the Plaintiff, does not even do what Plaintiff needs it to do. It merely grants a non-exclusive license to "use" The Happy Chandler work. It does not grant the right to create a derivative work.

For the reasons stated below, as well as those in Defendant's Motion and Memorandum, the Defendants are therefore clearly entitled to a summary judgment dismissing the claims against them for fraud, breach of fiduciary duty, conversion, interference with contractual relations, copyright infringement and punitive damages.

## **ARGUMENT**

1. THE PLAINTIFF'S CLAIM FOR FRAUD IS BARRED BY THE STATUTE OF LIMITATIONS

Plaintiff has asserted a claim for fraudulent inducement with respect to the August 1998 Marketing Agreement with PoetMan Records. The parties agree that the applicable statute of limitations is KRS § 413.120(12). The statements at issue were made, at the latest, in August 1998. Again, the parties are in agreement on that fact.

The sole contention by Plaintiff is that under KRS § 413.130(3), the statute did not run until "the discovery of the fraud or mistake." Plaintiff asserts that it did not discover the fraud until March 3, 2003, the date it learned of PoetMan's proposed release of The PoetMan CD: The Best of the UK Pep Band."

What this completely ignores is that constructive knowledge is sufficient to begin the running of the statute. It is not sufficient to allege that there was no actual knowledge, the Plaintiff must also allege and prove that it could not have discovered the alleged fraudulent statements by exercise of reasonable diligence. Madison County v. Arnett, 360 S.W.2d 208 (Ky. 1962); Redding v. Main, 196 S.W.2d 887 (Ky. 1946).

In the affidavit of David Rich submitted with Plaintiff's response [DE 136-2], Mr. Rich details how by the exercise of "reasonable diligence" he was able to discover the truth or falsity of the 1998 statements. Rich Affidavit at ¶ 11. There is no allegation that any of the "facts" alleged by Mr. Rich could not have been found by an earlier exercise of such reasonable diligence. These were not facts that were either concealed by the Defendants, or otherwise undiscoverable by the Plaintiff. That the Plaintiff, for whatever reason, chose not to exercise the reasonable diligence required by the statute is irrelevant. Mr. Rich's affidavit demonstrates that it could have done so at any time.

Mr. Rich's statement that he "had no reason to believe that they had fraudulently induced me into entering into the Marketing Agreement" is directly contradicted by Plaintiff's Complaint. In its Amended Complaint [DE 18], Plaintiff specifically details the alleged "Deteriorating Relationship" with PoetMan. Amended Complaint at paragraphs 27-28. This culminated with a letter from PoetMan Records on September 21, 2001. Amended Complaint at

¶ 29. Indeed, Mr. Rich cites the letter in his affidavit as "demonstrating their intent to put out their own version of my CD." Affidavit at ¶ 11(f).

At this juncture, Plaintiff has conclusively demonstrated to this court the following. At all times since 1998, it could have by reasonable diligence discovered the truth or falsity of any statements made by the Defendants that induced it to enter into the Marketing Agreement. Not only was such knowledge available to it, by its own allegations, it had reasons to make such inquiry from at the very latest September 21, 2001. The five year statute of limitations has clearly run.

2. THE PLAINTIFF'S CLAIM FOR BREACH OF FIDUCIARY DUTY IS BARRED BY THE STATUTE OF LIMITATIONS

Plaintiff has not established any fiduciary duty on the part of the defendants at this juncture. Whatever duty Defendants may have had expired by the express terms of the Marketing Agreement when it terminated on January 1, 2000. The Court does not have to reach this conclusion, however, to dismiss this claim. Breach of fiduciary duty, unlike fraud, is not subject to the tolling provisions of KRS § 413.130(3).

Breach of fiduciary duty is governed by KRS 413.120(7). See Ingram v. Cates, 74 S.W.3d 783, 787 (Ky. Ct. App. 2002). While the Kentucky Legislature specifically extended the discovery rule to fraud and other actions governed by KRS § 413.120(12), KRS § 413.130(3) conspicuously did not extend the discovery rule to actions governed by KRS § 413.120(7). In the only two cases that have specifically addressed this issue, the Courts have consistently held that a plaintiff may not rely upon the discovery rule to toll the running of the statute for a claim of breach of a fiduciary duty. See Bariteau v. PNC Financial Services Group, 285 Fed. Appx.

218, 2008 W.L. 2669688 (C.A. 6 2008); Gundaker/Jordan American Holdings, Inc. v. Clark, 2009 W.L. 2390162 (E.D. Ky. 2009).[2]

Plaintiff's claim for breach of fiduciary duty is based upon the alleged misappropriation of Plaintiff's Intellectual Property. That alleged misappropriation of Intellectual Property clearly occurred before March 3, 2003, thus any claim for such breach is now time barred.

3. DEFENDANTS ARE ENTITLED TO A SUMMARY JUDGMENT DISMISSING THE TWO COPYRIGHT CLAIMS

With respect to the claims of copyright infringement, the uncontested facts have been somewhat elusive, as Plaintiff has now changed its version of the facts. In response to a specific interrogatory, Plaintiff stated that the Basketball Graphic was created "from scratch by Les Campbell of Campbell Productions." Plaintiff went on to describe Mr. Campbell as "the copyright holder." Finally, Plaintiff produced no written assignment of the rights to the Basketball Graphic.

Now in response to Defendant's Motion for Summary Judgment, Plaintiff has "discovered" that it in fact was a co-author of the Basketball Graphic and that there was a written assignment, it just can't be found. The claims of co-authorship are contrary to Plaintiff's interrogatory responses, contrary to the affidavit of Les Campbell and contrary to the law.

In his Affidavit, David Rich states that he is a co-author because he gave directions to Les Campbell during the creation of the graphic, such as texture, shading and color, but there is no allegation that Mr. Rich actually did any of the work. This does not rise to the level of contribution sufficient to constitute joint authorship, such as that of a lyricist and songwriter whose contributions are each separately copyrightable.

---

[2] Copies of these decisions are attached hereto as Exhibits 1 and 2.

The case cited by Plaintiff in its response establishes this. <u>Balkin v. Wilson</u>, 863 F.Supp. 523 (W.D. Mich. 1994). In that case, the <u>issue</u> was whether the contribution of ideas and concepts was sufficient to create co-authorship. The test was whether the prospective co-author's contribution was itself separately copyrightable. Here the suggestion of shading and color is clearly not copyrightable. Thus, Plaintiff fails the test of co-ownership in the only case it chose to cite. <u>See</u> <u>also</u> <u>Erickson v. Trinity Theatre, Inc.</u>, 13 F.3d 1061 (7th Cir. 1994) (adopting the "separately copyrightable" test).

With respect to the Chandler work, the Plaintiff has agreed that the right to make a derivative work is the exclusive right of the owner of the underlying copyright and has agreed presumably that in order to convey such exclusive right there must be a writing. To satisfy this requirement, Plaintiff has now produced a document that is neither signed, nor does it do what Plaintiff needs it to do. The unsigned document (drafted by the Plaintiff) merely grants a non-exclusive right to "use" the *a cappella* version of the Chandler Work. It is completely silent on the issue of creating a derivative work.

Thus, the Court must sustain Defendant's Motion for Summary Judgment on the issue of copyright infringement. In order to prove copyright infringement, Plaintiff must first prove ownership. It has simply failed to do that both in respect to the Basketball Graphic and the Chandler Work.

The Copyright Act is abundantly clear on the key issues with respect to these claims. The right to create a derivative work is an exclusive right of the copyright owner. 17 U.S.C. §106(2). Only the owner of the copyright may bring an action for infringement, 17 U.S.C. §501(b). Transfer of the ownership of copyright or of an exclusive right thereto, requires a writing signed by the owner of the copyright. 17 U.S.C. §§ 201(d)(2), 204. Plaintiff has not satisfied these

requisites with respect to either of the works at issue and therefore has no standing to assert a claim for infringement.

4. PLAINTIFF'S CLAIM FOR CONVERSION IS BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS

In responding to Defendants' Motion for Summary Judgment with respect to the claim of conversion, Plaintiff states that there is a genuine issue of fact as to whether any copies of the Rich and Rich CD were retained by defendant at the termination of the contract on January 1, 2000. Plaintiff's memorandum at 15. DE 136. As an initial matter, it is clear that any delay in delivery of the remaining CD's was as a result of the Plaintiff's inaction. See letter dated September 21, 2001, attached hereto as Exhibit 3 and referenced in Plaintiff's amended complaint at DE 18-¶29.

The Court however need not decide this issue. Actions for the taking, detaining or injury to personal property are governed by KRS §413.125. That statute proscribes a two year limitation period. As the contract expired more than eight years prior to the filing of the Complaint this claim is thus time barred.

5. THERE IS NO UNDERLYING BASIS FOR A CLAIM FOR PUNITIVE DAMAGES

The Plaintiff has conceded that its misappropriation claim is preempted by the Copyright Act. Plaintiff's Memorandum at 15. As demonstrated above, the claims for fraud, breach of fiduciary duty and conversion are all time barred. Plaintiff is left with at best a stale contract claim. As this cannot by the express terms of the statute provide a basis for punitive damages, this claim must be dismissed. KRS § 411.184(4).

6.     THE CLAIM FOR TORTIOUS INTERFERENCE WITH CONTRACTS IS NOT SUPPORTED BY EVIDENCE

The only contract of which PoetMan was aware is the CLC license agreement. Plaintiff has admitted that it was non-exclusive and that PoetMan also obtained a non-exclusive license from CLC. That the contract was ultimately terminated for lack of sales has nothing to do with these Defendants. Any statement by PoetMan that it no longer carried the Rich and Rich CD was factual. It could not carry that CD after the marketing Agreement was terminated. It was incumbent upon Plaintiff to maintain a certain level of sales and it cannot now blame defendants for that failure. The Affidavit of David Rich merely states conclusions on this issue, not facts. DE 136-2 at ¶¶ 19-20.

## CONCLUSION

The Plaintiff has asserted a myriad of claims against Defendants, sounding in both tort and contract. At this juncture even Plaintiff agrees that its claim for misappropriation must be dismissed. As demonstrated above, the claims for breach of fiduciary duty, fraud and conversion are all clearly barred by the applicable statutes of limitation and must be dismissed as well.

Plaintiff's two claims for copyright infringement arise from the inadvertent use of the Chandler Work and the Basketball Design in the PoetMan CD. Even accepting this use to be an infringement, what Plaintiff continues to ignore is that it is not the owner of either work. Plaintiff has agreed that the Chandler work is a derivative work. Plaintiff has agreed that the owner of the underlying work has the exclusive right to create a derivative work. Plaintiff has produced no evidence contesting the fact that Defendant's had the permission of the Chandler Estate to use the underlying work. To counter this, Plaintiff now urges this Court to rely upon an unsigned "Personal Release" drafted by the plaintiff. This simply does not meet the requirements of the statute for transfer of an exclusive right of copyright. 17 U.S.C. §§ 201(d)(2), 204. Even if it did,

the tendered document only grants the right to "use" the underlying work for the specific purpose of raising money for the Pep Band. It doesn't even on its face purport to authorize a derivative work.

With respect to the Basketball Design, again Plaintiff is not the copyright owner. The belated attempt to qualify as a co-author is stymied by the very case law upon which Plaintiff relies. Mere suggestions or ideas, not independently copyrightable, are not sufficient to confer the status of co-author. As with the Chandler Work, Plaintiff's reliance upon a phantom conveyance is not sufficient to satisfy the statutory requisites for transfer.

For the reason herein, as well as those contained in Defendants' previous memorandum, the Complaint against them must be dismissed.

Respectfully submitted,

s/David E. Fleenor
David E. Fleenor
Stoll Keenon Ogden PLLC
300 West Vine Street, Suite 2100
Lexington, KY 40507
Telephone: (859) 231-3087
Fax: (859) 246-3665
COUNSEL FOR DEFENDANTS
MICHAEL JOHNATHON and POETMAN
RECORDS USA, INC.

**CERTIFICATE OF SERVICE**

This is to confirm that a copy of the foregoing was electronically filed on February 16th, 2010. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system, and the filing may be accessed through that system.

s/David E. Fleenor
David E. Fleenor, Esq.